## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAWN L. LUCAS, | ) | |
| No. M07416, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-01008-MJR |
| | ) | |
| NURSE HARDY, | ) | |
| DR. FENOGLIO[1], and | ) | |
| LAWRENCEVILLE CORR. CENTER,[2] | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Shawn L. Lucas, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an alleged failure to afford him proper medical care, and a related failure to respond to his grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] The complaint offers multiple spellings of what the Court believes to be ""Fenoglio."

[2] It appears that the Clerk of Court has, for good cause, misinterpreted the confusing caption of the complaint. Rather than suing Lawrence Correctional Center, Plaintiff wants to include unidentified nurses at the Lawrence Health Care Unit—"unknown parties."

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility.  *Id*. at 557.   At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in 2011 Plaintiff sought medical attention for an infection.  It took almost a year for medical personnel at Lawrence to take him seriously, all the while his condition worsened.   Plaintiff contends that during that year-long period his grievances were ignored, in violation of his right to due process.  Nurse Hardy eventually told Plaintiff that he had a yeast infection and an enlarged prostate gland.  Various medications were prescribed, but Plaintiff reacted badly, developing a rash.  Plaintiff continued to seek treatment in the Health Care Unit, but he was generally told that nothing was wrong.  Eventually, Plaintiff suffered from low blood pressure and temporary blindness.   He was taken to a hospital and ultimately diagnosed with Stevens-Johnson Syndrome.  Stevens-Johnson Syndrome is described as a "rare, serious" skin disorder—usually a reaction to a medication or infection.   There are flu-like symptoms, a rash and blisters, and then the top layer of skin dies and sheds. (http://www.mayoclinic.org/diseases-conditions/stevens-johnson-syndrome/basics/definition) (accessed Oct. 14, 2014).

Plaintiff repeatedly describes the failure to properly diagnose and treat him at Lawrence as "gross negligence."  Plaintiff seeks compensatory damages in the amount of $10 million from named defendants Nurse Hardy, Dr. Fenoglio and "multiple other nurses" employed in the Lawrence Health Care Unit.

### Discussion

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S. CONST., amend. VIII.  *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, encompassing health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).  A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994).  Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior.  *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness.  *Id*. at 836–37.

In a similar vein—no pun intended—Section 1983 creates a cause of action based on personal liability and predicated upon fault; "to be liable under [Section] 1983, an individual

defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).     Consequently, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused a constitutional deprivation can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002).

Applying these principles makes clear that the complaint, as drafted, fails to state a constitutional claim against any defendant.  First and foremost, the characterization of Plaintiff's medical care at Lawrence as being "gross negligence" takes the claims beyond the reach of the Eighth Amendment, which requires deliberate indifference.  Even if the Court were to ignore the label used by Plaintiff, the narrative suggests no more than negligence, *not* deliberate indifference.  For example, according to the complaint, Nurse Hardy did perceive that Plaintiff was ill, and she prescribed various medications.  There is nothing to suggest that Hardy intended for Plaintiff to have an adverse reaction or for the medication to be ineffective.

Plaintiff was apparently treated by other medical personnel, but they are unidentified and no more than conclusory statements are offered—again not suggesting more than negligence. Dr. Fenoglio is named in the caption of the complaint, but he is not mentioned in the narrative of the claim.  In his prayer for relief, Plaintiff describes Dr. Fenoglio as working at Lawrence as the "head doctor," but without a license.  As already noted, one cannot be liable under Section 1983 just for being a supervisor, and a licensing violation, without more, does not violate the Eighth Amendment.  *See Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010) (failure to qualify as a

qualified mental health professional under state law, without more, did not amount to deliberate indifference).

Finally, the assertion that Plaintiff was denied due process because his grievances were ignored fails to state a viable claim because no defendant is linked to this claim. Furthermore, the complaint offers no more than a conclusory assertion without even the minimal factual support necessary to make out a claim that is plausible—not merely possible—under the *Twombly* pleading threshold. The grievances attached to the complaint reflect that administrators did respond, but denied relief. Whether or not those grievances are the ones Plaintiff takes issue with, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith,* 507 F.3d 605, 609 (7th Cir.2007*; see also McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013).

## Motion for Counsel

In that the complaint will be dismissed without prejudice and with leave to amend, Plaintiff's motion for counsel (Doc. 2) warrants consideration.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*)). If so, the Court must examine "whether the difficulty of the

case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id.*

Plaintiff indicates that he has made efforts to secure representation, without success. Nevertheless, he has had some college education, and the complaint was articulately presented, even though it failed to state a colorable claim. There is nothing to suggest that—assuming the facts as they are known to Plaintiff rise to the level of a constitutional violation—Plaintiff cannot draft an amended complaint that states a claim. Although a medical issue is at the center of this case, the Court will await the amended complaint to ensure that Plaintiff desires to and can proceed with this case. The Court will thereafter remain open to appointing counsel. For these reasons, Plaintiff's motion for appointment of counsel (Doc. 2) will be denied without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint is **DISMISSED without prejudice**; accordingly, all defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **November 5, 2014**, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of this action with prejudice, entry of final judgment against Plaintiff, and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's motion for counsel (doc. 2) is **DENIED without prejudice**.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 20, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**