**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **SHAWN L. LUCAS,** | ) | |
| **No. M07416,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-01008-MJR** |
| | ) | |
| **WEXFORD MEDICAL CO.,** | ) | |
| **NURSE HARDY,** | ) | |
| **DR. FENOGLIO,** | ) | |
| **LAWRENCEVILLE CORR. HCU,[1] and** | ) | |
| **PHARMACY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Shawn L. Lucas, an inmate in Lawrence Correctional Center, brings this action under 42 U.S.C. § 1983 for deprivations of his constitutional rights, based on an alleged failure to afford him proper medical care and a related failure to respond to his grievances. Pursuant to 28 U.S.C. § 1367, he also asserts supplemental state law claims for medical negligence/malpractice stemming from the same factual allegations.

Lucas's amended complaint (Doc. 11) is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] The institution is "Lawrence Correctional Center, not "Lawrenceville."

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit."  *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint, in 2011 Plaintiff sought medical attention for an infection.  It took almost a year for medical personnel at Lawrence to take him seriously, all the while his condition worsened.  Plaintiff contends that during that year-long period his grievances were ignored, in violation of his right to due process.  Nurse Hardy eventually told Plaintiff that he had a yeast infection and an enlarged prostate gland.  Various medications were prescribed, but Plaintiff reacted badly, developing a rash.  Plaintiff continued to seek treatment in the Health Care Unit, but he was generally told that nothing was wrong.  Eventually, Plaintiff suffered from low blood pressure, organ failure and temporary blindness.  He was taken to a hospital.  The amended complaint suggests that there was a differential diagnosis of Stevens-Johnson Syndrome.  Stevens-Johnson Syndrome is described as a "rare, serious" skin disorder—usually a reaction to a medication or infection.  There are flu-like symptoms, a rash and blisters, and then the top layer of skin dies and sheds. (http://www.mayoclinic.org/diseases-conditions/stevens-johnson-syndrome/basics/definition (accessed July 16, 2015)).

Plaintiff repeatedly describes the failure to properly diagnose and treat him at Lawrence as the result of deliberate indifference, negligence, gross negligence and medical malpractice. Plaintiff seeks compensatory damages in the amount of $10 million[2] from the named defendants, Wexford Medical Co., Nurse Hardy, Dr. Fenoglio, Lawrence Correctional HCU and Pharmacy.

## Discussion

Although the applicable statutes of limitation may prove fatal to all of Plaintiff's claims, there is insufficient information before the Court to make that determination upon preliminary review. Consequently, review of the amended complaint will proceed.

### *Personal Involvement*

As a general matter, Federal Rule of Civil Procedure 8(a)(2), requires a short plain statement showing the plaintiff is entitled to relief. Section 1983 creates a cause of action based on personal liability and predicated upon fault; "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

A review of the amended complaint reveals that no allegations within the narrative of the complaint pertain to defendant Wexford Medical Co. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Consequently, Wexford Medical Co. will be dismissed without prejudice.

The Lawrence Correctional Center's HCU (health care unit) and Pharmacy are named as defendants. The HCU and Pharmacy are merely departments within the prison, not entities that can be sued. At best, they are part of the Illinois Department of Corrections, which is, in effect, the State of Illinois. As drafted, the allegations regarding the HCU are unclear—referring to the

---

[2] Plaintiff also seeks compensation for future lost wages because his skin condition will impact his work as a stripper.

HCU when it is clear that an individual is the proper subject, and at other times referring to policies and practices, but not offering any elaboration.  The Pharmacy is not mentioned in the narrative of the complaint.  In an abundance of caution the HCU and Pharmacy will be dismissed without prejudice.

Plaintiff should be aware that the Eleventh Amendment bars suits against an unconsenting state—including its agencies and officers in their official capacities—for monetary damages.  *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Indiana Protection and Advocacy Services v. Indiana Family and Social Services Administration*, 603 F.3d 365, 370 (7th Cir. 2010).  And, the Illinois Court of Claims is conferred with the exclusive jurisdiction to hear "[a]ll claims against the State for damages in cases sounding in tort." 705ILCS 505/8.

The amended complaint does sufficiently allege personal involvement on the part of Dr. Fenoglio and Nurse Hardy (in their individual capacities), each of whom treated Plaintiff.  The federal and state claims against them, therefore, require further analysis.

### Eighth Amendment Claims

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, encompassing health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012).  Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). At this early juncture, the Court assumes that Plaintiff's medical condition constitutes a serious medical condition, particularly since it was painful and lasted for months.

Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior, the equivalent of criminal recklessness must ultimately be proved. *Farmer v. Brennan,* 511 U.S. 825, 835-37 (1994). Mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference. *See Snipes v. DeTella,* 95 F.3d 586, 591(7th Cir. 1996); *Ciarpaglini v. Saini,* 352 F.3d 328, 331(7th Cir. 2003); *Garvin v. Armstrong,* 236 F.3d 896,898 (7th Cir. 2001) (Courts will not takes sides in disagreements about medical personnel's judgments or techniques). However, intentionally withholding efficacious treatment and causing delay and prolonged pain may amount to deliberate indifference. *See Berry,* 604 F.3d at 441. Because it is generally alleged that Dr. Fenoglio and Nurse Hardy declined to alter their course when Plaintiff's condition worsened, and failed to provide recommended follow-up care after Plaintiff was treated at an outside hospital, a colorable Eighth Amendment claim has been stated against each of them.

### State Law Torts

Plaintiff alleges that Dr. Fenoglio and Nurse Hardy were negligent, grossly negligent and committed medical malpractice. Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the

facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013). A separate affidavit and report must be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

Plaintiff Lucas has failed to file the necessary affidavit[s] [or certificate(s)] for all of the state law claims–whether characterized as negligence, gross negligence or specifically as medical malpractice. In order to not unduly prejudice Plaintiff with respect to the statute of limitations, time will be allotted for filing the required affidavits/certificates. Should Plaintiff fail to timely file the required affidavits/certificates, all state law claims will be dismissed. This window of

opportunity to file the required certificates does not preclude defendants from asserting other defenses, such as the statute of limitations.

### Due Process Claims

Plaintiff pairs his Eighth Amendment medical claims with Fourteenth Amendment due process claims.  It appears that he may be merely attempting to attach additional labels to a single claim.   The Court analyzes similar claims under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989); e.g., *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels").   Therefore, any due process claims regarding medical care should be considered dismissed without prejudice.

Plaintiff also alleges that he was denied due process in violation of the Fourteenth Amendment because his grievances were ignored.   The amended complaint fails to state any viable due process claim under the *Twombly* pleading standard.  No defendant is linked to the denial of grievances.  Furthermore, by itself, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith,* 507 F.3d 605, 609 (7th Cir.2007*; see also McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013).  The due process claims related to the denial of grievances will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against Defendants **WEXFORD MEDICAL CO., LAWRENCE CORRECTIONAL HCU and PHARMACY** are **DISMISSED without prejudice**;  accordingly,  **WEXFORD MEDICAL CO.,**

**LAWRENCE CORRECTIONAL HCU** and **PHARMACY** are **DISMISSED without prejudice** from this action.

IT IS FURTHER ORDERED that Plaintiff's Eighth Amendment claim alleging deliberate indifference to a serious medical need shall **PROCEED** against Defendants **DR. FENOGLIO and NURSE HARDY.** This claim is designated as **"COUNT 1."**

IT IS FURTHER ORDERED that with respect to all state law claims regarding negligence/gross negligence/medical malpractice shall **PROCEED** against Defendants **DR. FENOGLIO and NURSE HARDY**, **CONTINGENT** upon Plaintiff filing the affidavits and reports required under 735 ILL. COMP. STAT. §5/2-622(a). Plaintiff shall file the required affidavits and on or before **August 14, 2015**. Should Plaintiff fail to timely file the required affidavits or reports, all state law claims will be dismissed without prejudice.

IT IS FURTHER ORDERED that all Fourteenth Amendment due process claims are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants **DR. FENOGLIO and NURSE HARDY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. Accordingly, Plaintiff's motion for service of process at government expense (Doc. 15) is **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's second motion for recruitment of counsel (Doc. 12). Because of the limited time permitted to secure the required medical reports required for the state law malpractice claims to proceed, Judge Williams **SHALL ADDRESS** the motion for counsel (Doc. 12) within 14 days of the date of this order.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 17, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**